**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4442

PAUL PARKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-325)

Submitted: February 16, 1999

Decided: March 9, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael William Lieberman, Alexandria, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Theodore R. Bolema, Special
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Parker ("Parker") appeals his 360-month sentence imposed after he pleaded guilty to conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Finding no error, we affirm.

The record discloses that in January 1996, Frank Butler established a crack house and distribution operation in Stafford, Virginia. Butler recruited Anthony Nelson, Mary Anderson, James Parker, and Parker. Butler testified that he collected the money, procured the cocaine, and brought the cocaine to the crack house, where the other participants, including Parker, would cut it up and distribute it. Butler testified that Parker would hide the cocaine in the woods to prevent Anderson and James Parker from smoking it. Parker was also left in charge of the sales at the crack house. His responsibilities included supplying Anderson and James Parker with cocaine to sell, collecting and counting the money from Anderson and James Parker, and overseeing the general operation of the crack house.

Parker asserts that the district court erred in applying U.S. Sentencing Guidelines Manual § 3B1.1(c) (1997) ("USSG"), which provides for a two-level increase if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)," which cover a criminal organization of five or more people. "To qualify under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2). The record discloses that Parker supervised Mary Anderson and James Parker by distributing cocaine to them and then collecting proceeds from them. Further, an enhancement is warranted for a defendant who "exercised management responsibility over the property, assets, or activities of a criminal organization." Id. Parker played a key role in managing and handling the cocaine distributed at the crack house. Thus, we find that the court did not clearly err by enhancing Parker's sentence for his role in the conspiracy. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996) (noting that role in offense adjustments are reviewed for clear error).

2

Accordingly, we affirm Parker's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>